IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
CHIEF JUDGE MARCIA S. KRIEGER

Civil Action No. 19-cv-00039-MSK

LSF9 MASTER PARTICIPATION TRUST,

    Plaintiff,

v.

JAMES P. TATTEN,

    Defendant.

---

### OPINION AND ORDER GRANTING MOTION TO REMAND
---

**THIS MATTER** comes before the Court pursuant to the Plaintiff's ("the Trust") Motion to Remand **(# 10)** and Mr. Tatten's *pro se* response **(# 18)**.[1]

Mr. Tatten purports to be the owner of a parcel of real property located in Denver. In 2016, foreclosure proceedings relating to the property occurred and the Trust ultimately obtained a Certificate of Purchase, divesting Mr. Tatten of title to the property. Mr. Tatten refused to vacate the property and in June 2018, the Trust commenced a Forcible Entry and Detainer ("FED") action in the Colorado District Court for Denver County.

On January 7, 2019, Mr. Tatten filed a Notice of Removal **(# 1)**, purporting to remove the FED action to this Court. That Notice contends that this Court has subject-matter jurisdiction

---

[1]     Although Mr. Tatten appears *pro se*, this Court has some doubt as to whether he is entitled to liberal construction of his pleadings under *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). *See Tatten v. City and County of Denver*, 730 Fed.Appx. 620, 623-24 (10th Cir. 2018) (suggesting that Mr. Tatten may be denied such construction due to his status as an "attorney and professional lobbyist"). Ultimately, however, this Court would reach the same outcome regardless of whether Mr. Tatten is afforded liberal construction of his pleadings.

over the Trust's FED action because: (i) the parties are of diverse citizenship pursuant to 28 U.S.C. § 1332; (ii) there are federal questions implicated in this case pursuant to 28 U.S.C. § 1331, because Mr. Tatten contends that prior rulings from the state court violate the federal constitution (and that he is presently seeking certiorari review in one or more cases relating to the property),because Mr. Tatten asserts what appear to be various counterclaims to the FED action under the Fair Debt Collection Practices Act, and because "since commencing [the FED action]," the Trust has raised unspecified "federal questions arising under the Constitution, laws or treaties of the United States"; and (iii) that because Mr. Tatten suffers from an unspecified "cognitive impairment," this case falls within the grant of federal jurisdiction to cases "against any person who is denied . . . a right under any law providing for the equal civil rights of citizens" pursuant to 28 U.S.C. § 1443.

The Trust moved[2] **(# 10)** to remand the case back to state court due to lack of federal jurisdiction. Mr. Tatten's response to that motion is, for all practical purposes, identical to his initial Notice of Removal.

A party seeking to remove an action to federal court is required to comply with 28 U.S.C. § 1446(b), which sets a deadline for the filing of a Notice of Removal. That notice must either be filed within 30 days of the date on which the defendant is served with a complaint, or, if the basis for federal subject-matter jurisdiction does not appear on the face of the complaint, within 30 days of the defendant's receipt of any other filing that clearly establishes a basis for federal jurisdiction. 28 U.S.C. § 1446(b)(1), (3). A Notice of Removal filed outside that 30-day period is "defective," justifying remand. *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072,

---

[2] The Trust's motion was made within 30 days of Mr. Tatten's Notice of Removal, rendering it timely under 28 U.S.C. § 1447(c).

1077 (10th Cir. 1999). As the party invoking federal court jurisdiction, Mr. Tatten bears the burden of demonstrating that his removal was proper. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

Mr. Tatten's January 7, 2019 Notice of Removal was certainly filed more than 30 days after he received service of process, insofar as Mr. Tatten filed an Answer in the FED action in state court on or about July 5, 2018. Thus, the Notice of Removal is not timely under 28 U.S.C. § 1446(b)(1). To the extent Mr. Tatten contends that this Court has subject-matter jurisdiction premised upon diversity of citizenship, it is clear that Mr. Tatten had knowledge of both his own citizenship and that of the Trust as of that July 5, 2018 date as well, as his Answer specifically alleges the Trust's citizenship. *Docket* # 1-2, ¶ 25. Similarly, to the extent Mr. Tatten suggests that his potential counterclaims under the Fair Debt Collection Practices Act, his potential appeal to the Supreme Court, or his cognitive impairments create grounds for federal jurisdiction (and this Court wishes to make clear that it considers such arguments to be frivolous), Mr. Tatten's July 2018 Answer refers to those matters as well. *Id.*, ¶ 21-23 (cognitive impairment), 76 (Supreme Court review), 160-168 (asserting counterclaims under the Fair Debt Collection Practices Act). Thus, because all of the bases upon which Mr. Tatten claims federal jurisdiction were known to him as early as July 5, 2018, his January 7, 2019 Notice of Removal is untimely.

It is unclear what document, received by Mr. Tatten within the 30 days preceding January 7, 2019, that he contends first revealed to him the removable nature of the FED action pursuant to 28 U.S.C. § 1446(b)(3). The record contains a single filing within that time period, a December 17, 2019 Order **(# 9)** by the Colorado District Court, denying a motion by Mr. Tatten seeking an extension of time. Nothing in that Order suggests a heretofore-unknown basis for removal.

Accordingly, the Court finds that Mr. Tatten's Notice of Removal is untimely under 28 U.S.C. § 1446(b), rendering his removal defective.  Pursuant to 28 U.S.C. § 1447(c), the Court **GRANTS** the Trust's Motion for Remand **(# 10)** and remands this action to the Colorado District Court for Denver County.  The Clerk of the Court shall transmit this Order to the Colorado District Court for Denver County and close this case.

Dated this 25th day of February, 2019.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge